UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DANIELLE COBURN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 1:21-CV-244-TAV-SKL |
| HIXSON WEIGHT LOSS CENTER & SHOT SPOT, M.D., INC., PATTI DIXON, JUERGEN MILDENBERGER, and SLENDER WRAP OF CHATTANOOGA, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil matter is before the Court on plaintiff's motion to remand [Doc. 11]. Defendants filed a response [Doc. 14]. Plaintiff has not filed a reply, and the time for a reply has expired. *See* E.D. Tenn. L.R. 7.1(a), (c). For the reasons set forth below, plaintiff's motion to remand [Doc. 11] will be **GRANTED**. However, plaintiff's request for attorneys' fees and costs will be **DENIED**.

**I.     Background**

On September 1, 2021, plaintiff filed a complaint asserting state law claims against defendants seeking $625,000 in damages as well as attorneys' fees [Docs. 1, 1-2]. Plaintiff is a Georgia resident, and defendants are Tennessee residents [Doc. 1-2 ¶¶ 3–7]. On October 7, 2021, defendants removed this action to this Court pursuant to the Court's diversity jurisdiction [Doc. 1]. Now before the Court is plaintiff's motion to remand, which

argues removal was improper under 28 U.S.C. § 1441(b)(2) because defendants are in-state residents [Doc. 11]. Plaintiff also requests attorneys' fees and costs incurred as a result of removal [*Id.* at 4–5].

**II.     Analysis**

A defendant may remove to a federal district court a civil action over "which the district court[] . . . ha[s] original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have limited original jurisdiction and may only exercise the "power authorized by Constitution and statute." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Pertinently, a federal district court has original jurisdiction over actions based on diversity of citizenship, that is, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "Citizens of different States." 28 U.S.C. § 1332(a); *see also* U.S. Const. art. III, § 2, cl. 1.

While cases relying on diversity of citizenship jurisdiction are generally removable, a diversity case is not removable "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). "Accordingly, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal." *Smith v. Baker Concrete Constr., Inc.*, No. 1:13-CV-207, 2014 WL 3715125, at *3 (E.D. Tenn. Mar. 28, 2014) (citation omitted). The policy for this "in-state defendant rule" is

that "diversity jurisdiction is premised on protecting foreign defendants from state court prejudice," but that risk of prejudice is nonexistent where a removing defendant is a resident of the forum state. *Id.* (citation omitted).

### A. Merits of Motion to Remand

Plaintiff avers removal was improper under the in-state defendant rule because defendants are Tennessee residents and have received proper service [Doc. 11 pp. 2, 4]. Defendants respond that the in-state defendant rule does not apply because no defendant has received proper service [Doc. 14 pp. 4–7].

As noted, under the in-state defendant rule, a diversity case is not removable "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). There is no question that an in-state defendant may not remove an action *after* receiving proper service. However, there is a split of authority regarding whether an in-state defendant may remove an action *before* receiving service. *See Kim v. Lee*, No. 1:21-CV-613, 2021 WL 5494326, at *3 (S.D. Ohio Nov. 23, 2021). This Court has never addressed the issue, but other courts have adopted three distinct approaches regarding whether an in-state defendant may remove an action before receiving service.

First, some courts recognize the "plain language" approach. Under this approach, an in-state defendant may remove an action before receiving service. *See Gillett v. Spirit Com. Auto Risk Retention Grp., Inc.*, No. 3:19-CV-260-RGJ, 2020 WL 8187463, at *2

(W.D. Ky. Jan. 13, 2020); *Linder v. Medtronic, Inc.*, No. 13-2346-STA-CGC, 2013 WL 5486770, at *2 (W.D. Tenn. Sept. 30, 2020); *United Steel Supply, LLC v. Buller*, No. 3:13-CV-362-H, 2013 WL 3790913, at *4 (W.D. Ky. July 19, 2013). Courts adopting the plain language approach reason that the text of § 1441(b)(2) only applies when an in-state defendant has been "properly joined and served" and therefore does not apply when an in-state defendant has not received service. *See Gillett*, 2020 WL 8187463, at *2. Defendants advocate for this approach [*See* Doc. 14 pp. 4–7].

Second, a number of courts apply the "absurd results" approach. The Eastern District of Michigan recently summarized this approach:

> [Courts that follow the absurd results approach] rely firstly on the generally-accepted purpose of diversity jurisdiction: to prevent bias against out-of-state defendants in state court. . . .
>
> They also look to a supposed purpose of the "properly joined and served" language: to prevent gamesmanship by plaintiffs, who might otherwise, in an effort to defeat diversity, seek to join a forum defendant they have no intention of pursuing. . . . According to these courts, permitting a properly joined forum defendant to remove prior to service inverts congressional intent and creates absurd results. "Rather than only providing a shield for defendants against gamesmanship by plaintiffs, the literal interpretation of Section 1441(b)(2) would provide an incentive for defendants to employ gamesmanship, themselves, by racing to remove newly filed actions. . . ." Such an interpretation, these courts say, is so contrary to the congressional intent . . . that courts should look past the actual language of the statute and bar removal even where no in-forum defendant has been served.

*Murphy v. Inman*, No. 17-13293, 2018 WL 8809349, at *11 (E.D. Mich. Feb. 21, 2018) (citations omitted). Thus, these courts prohibit removal by even unserved in-state defendants. *Id.*; *see, e.g.*, *El Hassan v. URS Midwest, Inc.*, No. 5:18-CV-1227, 2018 WL 6064869, at *2–3 (N.D. Ohio Nov. 20, 2018).

4

Finally, several courts apply the approach recognized in *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011). *See, e.g.*, *Allied P&C Ins. Co. v. Dowler*, No. 1:21-CV-119, 2021 WL 4226227, at *4 (S.D. Ohio July 27, 2021); *Murphy*, 2018 WL 8809349, at *12–13. Under the *Hawkins* approach, a case is not removable—even by a foreign defendant—if no defendant has received service. 785 F. Supp. 2d at 1369. Thus, under *Hawkins*, an action involving an in-state defendant is removable only by a "properly joined and served" foreign defendant and only before the in-state defendant receives service. *See id.* (discussing *Holmstrom v. Harad*, No. 05-C-2714, 2005 WL 1950672, at *1 (N.D. Ill. Aug. 11, 2005)).

The rationale for the *Hawkins* approach is two-fold. First, the approach recognizes that the text of § 1441(b)(2) assumes "any" "part[y] in interest" has already been "properly joined and served." *Murphy*, 2018 WL 8809349, at *12; *see* 28 U.S.C. § 1441(b)(2). Thus, according to these courts, permitting removal before any party has been served "would render the word 'any' superfluous, contrary to the canons of statutory construction." *Murphy*, 2018 WL 8809349, at *12.

Second, courts following the *Hawkins* approach recognize *Hawkins* is consistent with the Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In *Murphy Brothers*, the Court held that 28 U.S.C. § 1446(b)'s 30-day limit for removal begins only after the defendant receives service of at least a summons. *Id.* at 347–48. The Court reasoned that a defendant is not even subject to a court's personal jurisdiction until receiving service. *Id.* at 350–51. Thus, the *Hawkins*

5

court concluded it would be illogical to allow a defendant to remove an action before service and thus before the time period for removal even begins and before the defendant is subject to the court's authority. 785 F. Supp. 2d at 1370 ("If removal can be effected prior to service, it makes no sense for the removal deadline to begin to run after service of process."). Indeed, the *Hawkins* court noted the Court in *Murphy Brothers* assumed service must occur before removal. *Id.*; *see Murphy Bros., Inc.*, 526 U.S. at 347–48, 354.

After thoroughly considering these competing approaches and rationales, the Court finds the *Hawkins* approach most optimal and therefore adopts the *Hawkins* approach. The Court recognizes that the plain language approach adheres to a reasonable interpretation of § 1441(b)(2) when construed in isolation. However, the plain language approach considers no more than the text of § 1441(b)(2). *See Gillett*, 2020 WL 8187463, at *2; *Linder*, 2013 WL 5486770, at *2; *United Steel Supply, LLC*, 2013 WL 3790913, at *4. On the other hand, the *Hawkins* approach recognizes an equally reasonable construction of the text of § 1441(b)(2) but is also consistent with the *Murphy Brothers* decision, the removal statutory scheme considered holistically, and as discussed *infra*, the policy underlying the in-state defendant rule. The Court also recognizes that, like the absurd results approach, the *Hawkins* approach mitigates gamesmanship by defendants. But unlike the absurd results approach, the *Hawkins* approach does not completely ignore § 1441(b)(2)'s text and thereby encroach upon Congress's legislative power.

Furthermore, the *Hawkins* approach comports with the maxims that, in light of federalism concerns, courts should narrowly construe removal statutes and resolve doubts

6

in favor of remand. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007); *El Hassan*, 2018 WL 6064869, at *1. Moreover, the *Hawkins* approach is consistent with the policy underlying the in-state defendant rule: an in-state defendant need not fear bias of its home state's courts. *See Smith v. Baker Concrete Constr., Inc.*, No. 1:13-CV-207, 2014 WL 3715125, at *3 (E.D. Tenn. Mar. 28, 2014) (citation omitted). Consequently, as noted, the Court adopts the *Hawkins* approach and holds that an action is not removable until at least one defendant has received service.

The Court now applies the *Hawkins* approach in the instant case. In cases such as this one, where all defendants are forum defendants, the *Hawkins* approach requires remand. This is so because before service of any defendant, removal is not appropriate under *Hawkins*. Yet after each forum defendant is served, each defendant becomes a "properly joined and served" in-state defendant that cannot remove the action under § 1441(b)(2).[1] Thus, in this case, because all defendants are in-state, Tennessee residents, none may remove this action.[2]

---

[1] As noted, though, there are circumstances where the *Hawkins* approach permits removal of an action involving in-state defendants. Specifically, a "properly joined and served" out-of-state defendant may remove an action involving an in-state defendant so long as removal occurs before any in-state defendant receives service. *See Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1369–70 (discussing *Holmstrom v. Harad*, No. 05-C-2714, 2005 WL 1950672, at *1 (N.D. Ill. Aug. 11, 2005)).

[2] Consequently, the parties' contentions regarding whether defendants received service before removal are moot. Separately, the Court notes plaintiff has not raised a snap removal argument and, in any event, the Court's analysis is independent of snap removal considerations. *See generally Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221–23 (6th Cir. 2017) (noting that snap removal occurs when defendants race to remove before service is effectuated and that policy for prohibiting snap removal includes preventing gamesmanship by defendants). Therefore, the Court need not address defendants' argument that snap removal has not occurred.

7

Accordingly, plaintiff's motion for remand will be **GRANTED**.

### B. Attorneys' Fees and Costs

Plaintiff requests attorneys' fees and costs incurred as a result of removal under 28 U.S.C. § 1447(c) [Doc. 11 pp. 5–7]. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts have discretion to determine whether to award fees and costs. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Specifically, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

The Court finds an award of fees and costs is not appropriate in this case. While this Court ultimately adopts the *Hawkins* approach, a number of courts have adopted the plain language approach for which defendants advocate. *See, e.g.*, *Gillett v. Spirit Com. Auto Risk Retention Grp., Inc.*, No. 3:19-CV-260-RGJ, 2020 WL 8187463, at *2 (W.D. Ky. Jan. 13, 2020). Therefore, the Court cannot conclude that defendants lacked an objectively reasonable basis for removal.

Accordingly, plaintiff's request for attorneys' fees and costs will be **DENIED**.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to remand [Doc. 11] will be **GRANTED**. However, plaintiff's request for attorneys' fees and costs will be **DENIED**.

This case will be **REMANDED** to the Chancery Court of Hamilton County, Tennessee for further proceedings. A separate order will follow.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE